UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| ANTHONY CISNEROS and JEREMY QUINN<br>Plaintiffs, | § § § § | CASE NO. 1:10-CV-00392 |
| VS. | § § | COLLECTIVE ACTION |
| EPOXY FLOORING INSTALLATION (EFI SERVICES) LLC and MARLON MCGOWN<br>Defendant. | § § § | JURY DEMAND |

## PLAINTIFFS' ORIGINAL COLLECTIVE ACTION COMPLAINT

### I. SUMMARY

1. Epoxy Flooring Installation (EFI Services) LLC and Marlon McGown (collectively "*Defendant*") knowingly misclassified certain workers as independent contractors and did not pay them overtime as required by the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. (the "*FLSA*"). Instead, Defendant paid these workers "straight-time" for hours worked excess of forty (40) in a workweek. This collective action seeks to recover the unpaid overtime wages and other damages owed to these workers.

### II. JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. A number of the events giving rise to this action occurred in the Eastern District of Texas. Defendant is headquartered in Goodrich, Texas, Polk County. Therefore, venue is proper in the Eastern District of Texas under 28 U.S.C. § 1391.

### III.   PARTIES

4.   Plaintiff Anthony Cisneros ("*Cisneros*") is an individual currently residing in Dallas County, Texas. His Notice of Consent is attached hereto as Exhibit 1.

5.   Plaintiff Jeremy Quinn ("*Quinn*") is an individual currently residing in Harris County, Texas. His Notice of Consent is attached hereto as Exhibit 2.

6.   Defendant Epoxy Flooring Installation (EFI Services) LLC is a Texas limited liability company ("*EFI*"). EFI is an enterprise engaged in commerce within the meaning of the FLSA because its annual gross volume of sales exceeds $500,000, and its laborers (including Plaintiffs and all other members of the class) perform services in a number of states including, but not limited to Texas and Louisiana. EFI may be served with process by serving its registered agent, Tina McGown at 226 Hopson Road, Goodrich, Texas 77335.

7.   Marlon McGown is a resident of Texas and is an owner of EFI. Marlon McGown, together with EFI, were Plaintiffs' "employers" as that term is defined by 29 U.S.C. 203(d). Marlon McGown, together with EFI, is an enterprise engaged in commerce within the meaning of the FLSA. Marlon McGown may be served at 226 Hopson Road, Goodrich, Texas 77335.

### IV.   THE FACTS

8.   Plaintiff Cisneros began working as a general laborer for the Defendant in March 2008. Plaintiff Quinn began working for the Defendant in May 2008.

9.   When Plaintiffs began their employment with Defendant they regularly worked more than forty (40) hours per week.

10.   Plaintiffs reported their hours to Defendant on a weekly basis.

11.   Defendant paid Plaintiff the same hourly rate for all the hours they worked, including those in excess of forty (40) hours in a work week.

12. Defendant did not pay Plaintiff time and a half for hours worked in excess of forty (40) hours in a work week.

13. Additionally, the Plaintiffs were intentionally misclassified as independent contractors when they were clearly employees of the Defendant.

14. The actions of Defendant were willful and intentional and/or were made with a reckless disregard for whether their practices violated the overtime provisions of the FLSA.

## V.   COLLECTIVE ACTION ALLEGATIONS

15. Plaintiffs incorporate the preceding paragraphs.

16. In addition to Plaintiffs, Defendant employed many other general laborers over the last three (3) years. Upon information and belief, Defendant employed thirty (30) to sixty (60) other general laborers (the "*Workers*") that worked for Defendant while the Plaintiffs were employed that were also not paid for the overtime hours that they worked.

17. Defendant paid the Workers the same hourly rate for the all the hours they worked, including those in excess of forty (40) in a workweek.

18. Defendant paid the Workers according to the same "straight time for overtime" policy that it paid Plaintiffs.

19. The Workers are similarly situated to Plaintiffs.

20. The collective action "class" is properly defined as:

> **All workers classified as independent contractors by EFI within the past three years who received straight time for hours worked in excess of forty in a week.**

## VI.   CAUSE OF ACTION

21. Plaintiffs incorporate the preceding paragraphs.

22. The named Plaintiffs and the Workers were non-exempt employees of Defendant and subject to the provisions of the FLSA as it pertains to whether or not Plaintiffs were entitled to minimum wage and overtime pay for all hours over forty (40) hours worked in a given week.

23. The Plaintiffs and the Workers worked hours in excess of forty (40) in a given work week and were not paid time and one-half (overtime) for all of these hours over forty (40) worked.

24. Defendant engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing to pay proper overtime wages to its nonexempt, hourly employees, such as Plaintiffs and the Workers.

25. Defendant routinely withheld from Plaintiffs and the Workers relevant and necessary information which would advise each and every potential plaintiff of their entitlement to overtime pay for all hours worked in excess of forty (40) hours per week. Plaintiffs, individually, as well as all other Workers, relied upon these representations and/or misrepresentations made by Defendant.

26. Due to the actions of Defendant in concealing the true status of its hourly employees and/or leading them to believe that they were not entitled to overtime pay, the applicable statute of limitations period governing FLSA actions, 29 U.S.C. § 255(a), is tolled for as long as the Defendant engaged in such conduct and equitably estopps Defendant from raising the statute of limitations as a bar to any claims asserted herein.

27. The Defendant's actions, in failing to properly compensate Plaintiffs and the Workers, constitutes a willful violation of the FLSA.

28. Defendant owes Plaintiffs and the Workers the difference between the straight-time rates actually paid and the proper overtime rate. Because Defendant knew, or showed

reckless disregard for whether, its pay practices violated the FLSA, Defendant owes these wages for at least the past three years.

29.     Defendant is liable to Plaintiffs and the Workers for an amount equal to all unpaid overtime wages.

30.     Plaintiffs and the similarly situated Workers are entitled to recover reasonable attorneys' fees and costs incurred in this action.

## VII.   ACCOUNTING

31.     Plaintiffs seek an accounting on all money owed by the Defendants for certain monies owed by them for all federal and state taxes and on matching funds that Defendant should have withheld from the Plaintiffs' wages.

## VIII.  JURY DEMAND

32.     Plaintiffs demand a trial by jury.

## IX.    PRAYER

WHEREFORE, Plaintiffs pray for relief as follows:

1.      Judgment awarding Plaintiffs and the Workers all unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA;

2.      An accounting for all state and federal taxes owed by Defendant on behalf of the Plaintiffs, as well as all penalties which may be owned in connection with the state and federal taxes;

3.      An award of pre- and post judgment interest on all amounts awarded at the highest rate allowable by law; and

4.      All such other and further relief to which Plaintiffs and the Workers may show themselves to be justly entitled.

       Respectfully submitted,

       **O'CONNOR, CRAIG, GOULD, EVANS & ROHR**


By:   */s/ Stephen P. Rohr*
       Stephen P. Rohr
       State Bar No. 24053449
       2500 Tanglewilde, Suite 222
       Houston, Texas 77063
       (713) 266-3311
       (713) 953-7513 (Fax)
       srohr@oconnorcraig.com

       **ATTORNEY FOR PLAINTIFFS**