** NOT FOR PRINTED PUBLICATION **

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| ANTHONY CISNEROS *et al*, | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | Civil Action No. 1:10-CV-392 |
| v. | § | |
| | § | |
| EPOXY FLOORING INSTALLATION (EFI SERVS.) LLC *et al*, | § | JUDGE RON CLARK |
| | § | |
| *Defendants*. | § | |

## **ORDER DENYING PLAINTIFFS' MOTION FOR CERTIFICATION OF COLLECTIVE ACTION**

Plaintiffs Anthony Cisneros and Jeremy Quinn filed suit against Defendants Epoxy Flooring Installation (EFI Services) LLC *et al*, claiming violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq* ("FLSA"), alleging that they were mis-classified by Defendants as independent contractors and that they were not paid for work done in excess of 40 hours per week. Plaintiffs now request that the court: (1) conditionally certify this case as a collective action under 29 U.S.C. § 216(b), and (2) authorize them to post and circulate a notice of pendency and consent to join form to similarly situated individuals.

Plaintiffs have failed to sustain their burden to demonstrate that this case should be conditionally certified and notice should be sent to potential class members, because they have not provided sufficient evidence that similarly situated individuals are interested in joining the suit. Plaintiffs' motion for certification and issuance of notice is denied.

## I. BACKGROUND

Plaintiffs filed suit on July 8, 2010, alleging violations of the FLSA. According to their Second Amended Complaint, Plaintiffs are knowingly mis-classified by EFI as independent contractors, when they are in fact EFI employees. Plaintiffs were allegedly not paid overtime or time spent driving to and from job sites. In addition to the two Plaintiffs, one other individual, James Enfinger, filed a Notice of Consent to join the suit on March 4, 2011. Doc. # 19.

## II. APPLICABLE LAW

Under 29 U.S.C. § 216(b), Plaintiffs must opt into an FLSA action by filing written consent with the court. Until a plaintiff opts in, he or she is not considered part of the collective action and is not bound by the court's decisions. *See Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1212 (5th Cir. 1995), *overruled on other grounds by Desert Palace v. Costa*, 539 U.S. 90, 123 S. Ct. 2148 (2003); *Songer v. Dillon Resources, Inc.*, 569 F. Supp. 2d 703, 705 (N.D. Tex. 2008).

Section 216(b) has two requirements—Plaintiffs must have filed consent with the court, and must be "similarly situated." The district court has the discretion, in an appropriate case, to implement the collective action procedure by facilitating notification to potential Plaintiffs, but notice is not mandatory. *Songer*, 569 F. Supp. 2d at 705; *see also Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 169, 110 S. Ct. 482 (1989). The court should conditionally certify a class and order notice only if putative class members are "similarly situated" with the named Plaintiffs. *Mooney*, 54 F.3d at 1213-14.

There are two different approaches to answer the "similarly situated" inquiry. The first is a "two-stage class certification," originally described in *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987). The first determination is made at the notice stage, where the district court decides—

usually based only on the pleadings and any affidavits which have been submitted—whether notice of the action should be given to potential class members. If the class is conditionally certified, putative class members are given notice and the opportunity to opt in. The action then proceeds as a representative action throughout discovery. The second stage is typically initiated when the Defendant makes a motion for decertification. If the claimants are similarly situated, the court allows the representative action to proceed to trial. If not, the class is de-certified and the opt-in Plaintiffs dismissed without prejudice. *Mooney*, 54 F.3d at 1213-14.

The second methodology is typified by *Shushan v. University of Colorado*, 132 F.R.D. 263 (D. Colo. 1990). This approach adopts the view that the "similarly situated" inquiry is coextensive with the Rule 23 class certification.

The Fifth Circuit has never specifically endorsed one methodology or the other. Both are discussed in *Mooney*, but the court declined to rule in that case on which approach should be used. However, because Section 216 is "opt in," while Fed. R. Civ. P. 23 class actions are "opt out," the Fifth Circuit has found it "crystal clear" that Section 216(b) precludes pure Rule 23 class actions in FLSA suits. *LaChapelle v. Owens-Illinois, Inc.*, 513 F.2d 286, 288 (5th Cir. 1975). The *Lusardi* approach is more in line with this ruling, and is the approach the court will take. *See also Nelson v. American Standard, Inc.*, 2008 WL 906324 at *2-3 (E.D. Tex. Mar. 31, 2008) ("[T]he *Lusardi* two-step approach is the prevailing test among federal courts and is the one that the court will apply in this case.").

# III. DISCUSSION

**A. Because Plaintiffs cannot show that other similarly situated individuals are interested in joining the suit, the court will deny the motion to conditionally certify this case and issue notice**

Under the two step *Lusardi* methodology, the first determination— whether to provide notice to potential class members—requires Plaintiffs to demonstrate that there are other employees who are "similarly situated" with respect to their job requirements and pay provisions. *Songer*, 569 F. Supp. 2d at 706 (citing *Dybach v. Fla. Dep't of Corrections*, 942 F.2d 1562, 1567-68 (11th Cir. 1991). Plaintiff(s) must provide "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan infected by discrimination." *Mooney*, 54 F.3d at 1214 n.8; *H&R Block, Ltd. v. Housden*, 186 F.R.D. 399, 400 (E.D. Tex. 1999); *Sedtal v. Genuine Parts Co.*, 2009 WL 2216593 (E.D. Tex. Jul. 23, 2009).

In making this determination, courts consider factors such as whether potential plaintiffs are identified, whether affidavits of potential plaintiffs were submitted, or whether evidence of a widespread discriminatory plan was submitted. *Housden*, 186 F.R.D. at 400. In *Songer*, Plaintiffs submitted affidavits from five named Plaintiffs which were largely identical and contained primarily conclusory allegations without supporting facts. The court also noted that no evidence was provided to indicate that any of the prospective Plaintiffs would actually opt in given the opportunity, and denied Plaintiffs' motion for conditional certification and notice to potential class members. *Id.* at 569 F. Supp. 2d at 706.

Here, Plaintiffs have submitted the following to support their assertion that other individuals are similarly situated:

1. The allegations "upon information and belief" in their Second Amended Complaint that:

    A. Defendant employed between 30 and 60 general laborers in the past three years that were also not paid for overtime or drive time who are "similarly situated" to Plaintiffs, Doc. # 13 at ¶¶ 18-22, and

    B. EFI engaged in a widespread pattern of violating the FLSA by failing to record the actual number of hours worked, failing to pay overtime wages, and withholding relevant information on workers' entitlement to overtime, *Id.* at ¶¶ 26-28; and

2. The declaration of Plaintiff Anthony Cisneros in which he cites conversations with other unidentified EFI "independent contractors" who were underpaid like himself, Doc. # 14, Ex. 2, at ¶ 13.

Although not cited by Plaintiffs, because it was filed after the motion to certify, one other individual has also filed a notice of consent to join the suit.

What Plaintiffs do not do is provide the court with anything other than conclusory allegations. No potential plaintiffs are identified, no affidavits of potential plaintiffs were submitted, and there is nothing more than an allegation of a discriminatory plan. There is no evidence that any prospective plaintiffs, even if they were actually identified, would choose to opt in given the opportunity. *See Songer*, 569 F. Supp. 2d at 707 (denying certification where Plaintiffs submitted affidavits from five named Plaintiffs and identified three potential Plaintiffs by name—one of which opted into the action).

At the initial notice stage, Plaintiffs must provide "substantial allegations," not speculation. *Housden*, 186 F.R.D. at 400; *see also O'Donnell v. Robert Half Int'l, Inc.*, 534 F. Supp. 2d 173, 179 (D. Mass. 2008) ("Plaintiffs must present information, i.e., more than speculation or bald assertions by the plaintiffs, that putative class members are interested in joining the suit."). Despite the fact that discovery has been ongoing at least since the November 29, 2010 Case Management Conference,

Plaintiffs are not able to identify one potential Plaintiff. Even though the Second Amended Complaint, filed December 14, 2010, states that there are between 30 and 60 potential class members, only one has opted in. Although these problems were pointed out to Plaintiffs by Defendants in their response to the certification motion, Plaintiffs failed to reply or provide additional information.

**B.     Conclusion**

In short, Plaintiffs have failed to sustain their burden to demonstrate that this case should be conditionally certified and notice should be sent to potential class members, because they have not provided sufficient evidence that similarly situated individuals are interested in joining the suit.

IT IS THEREFORE ORDERED that Plaintiffs Anthony Cisneros and Jeremy Quinn's Motion for Certification of Collective Action [Doc. # 14] is DENIED.

So **ORDERED** and **SIGNED** this **8**   day of **March, 2011.**

_____
Ron Clark, United States District Judge