**\*\*NOT FOR PRINTED PUBLICATION\*\***

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| ANTHONY CISNEROS; JEREMY QUINN; and JAMES ENFINGER, | § § § | |
| *Plaintiffs*, | § § | CIVIL ACTION No. 1:10CV392 |
| v. | § § | |
| EPOXY FLOORING INSTALLATION (EFI SERVICES) LLC; MARLON McGOWN; JONATHAN McGOWN; and WILLIAM GOINS, | § § § § § § | JUDGE RON CLARK |
| *Defendants*. | § | |

## ORDER OF DISMISSAL AND STIPULATED JUDGMENT

Before the court is the parties' joint motion to approve their settlement agreement and dismiss this case with prejudice. Doc. #25. Plaintiffs brought suit against Defendants alleging that Defendants failed to pay them overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).[1] *See* Doc. #13. Plaintiffs allege that they were intentionally mis-classified as independent contractors and that they were not paid time and a half for hours worked in excess of forty hours per week. *See* Doc. #13 at 10-16. The parties state that they have engaged in extensive discovery and settlement negotiations, and have now entered into a settlement agreement. Doc. #25 at 1.

---

[1] The court has not certified the suit as a collective action. *See* Doc. #20. However, Plaintiff James Enfinger gave written consent to join the suit. Doc. #19.

1

"When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing it for fairness." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). In order to approve a settlement brought under the FLSA and enter a stipulated judgment, the court must determine that the settlement proposed by the employer and employees "is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* at 1355. "[A] court must approve any settlement of claims under § 216(b) even if there is only one plaintiff . . . ." *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 719 (E.D. La. 2008).

The parties state in their joint motion that their settlement agreement "was reached in order to settle and resolve bona fide disputes between Plaintiffs and Defendants, including whether Defendants' payment practices violated the FLSA and how damages, if any, to Plaintiffs should be calculated." Doc. #25 at 2. After attorneys' fees and expenses the three Plaintiffs will recover as follows: Plaintiff Anthony Cisneros will receive $3,500; Plaintiff Jeremy Quinn will receive $2,470; and Plaintiff James Enfinger will receive $5,500. Doc. #25 at 1-2. Plaintiffs state that they "entered into the Agreement voluntarily and knowingly, and understand fully the meaning and effect of the Agreement." Doc. #25 at 2.

The court has reviewed the parties' settlement agreement, and finds it to be both fair and reasonable. The court therefore approves the parties' proposed settlement as a fair and reasonable compromise of a bona fide dispute under the FLSA.

IT IS THEREFORE ORDERED that the parties' Joint Motion to Dismiss With Prejudice and Joint Motion to Approve Settlement [Doc. #25] is GRANTED. All claims that were asserted or could have been asserted by Plaintiffs Anthony Cisneros, Jeremy Quinn, and James Enfinger against

Defendants Epoxy Flooring Installation (EFI Services) LLC, Marlon McGown, Jonathan McGown, and William Goins, or by Defendants against Plaintiffs, are DISMISSED WITH PREJUDICE. Costs shall be borne by the party incurring the same. This Stipulated Judgment resolves all claims of Plaintiffs' Complaint with respect to Defendants.

So **ORDERED** and **SIGNED** this **24** day of **August, 2011.**

_____

Ron Clark, United States District Judge